# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

-vs-                              Case No. 12-C-1286

**LEONARD G. ADENT, JOYCE ADENT,
DEREK ADENT, BMO HARRIS BANK N.A., and
WISCONSIN DEPARTMENT OF REVENUE,**

    Defendants.

## DECISION AND ORDER

The principal defendants in this case, Leonard and Joyce Adent, stipulated to the entry of judgment on the government's claims to recover unpaid taxes. The United States now moves for summary judgment on its claim for lien foreclosure against two properties: one owned by Leonard and Joyce Adent, and another owned by Leonard and his son Derek Adent.[1] For the reasons that follow, this motion is granted.

## I.    Background

The first property, parcel A, is located at 7675 Elm Point Road, Baileys Harbor, Wisconsin. The second property, parcel B, is a condominium located at 9331 Spring Creek Road, Fish Creek, Wisconsin.

---

[1] The record is not explicit, but the Court presumes that Leonard and Joyce are husband and wife and Derek is their son.

As of February 24, 2015, Leonard and Joyce Adent jointly owe $63,198.79 in unpaid federal income tax. Also as of February 24, 2015, Leonard Adent owes $71,216.71 for unpaid employment and unemployment tax. Leonard Adent appears *pro se*, but he is a lawyer representing Derek and Joyce. Derek is named as a defendant because he has a 50% interest in parcel B as a tenant in common with his father.

The other named defendants are BMO Harris Bank, N.A. and the Wisconsin Department of Revenue. The United States and the Department of Revenue entered a stipulation regarding the priority of the respective federal and state tax liens on parcels A and B. The United States and BMO stipulated that BMO's mortgage lien in parcel B is superior to the federal tax liens on that property. BMO does not claim an interest in parcel A.

## II.   Analysis

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The plain language of the rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof

at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court accepts as true the evidence of the nonmovant and draws all justifiable inferences in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Section 6321 of the Internal Revenue Code provides that if "any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. The lien arises upon assessment and continues until the liability is satisfied or becomes unenforceable, neither of which has happened in this case. § 6322; *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719 (1985).

Since a federal tax lien is not "self-executing," the federal tax code authorizes lien-foreclosure suits. *Nat'l Bank of Commerce*, 472 U.S. at 720; 26 U.S.C. § 7403(a). "All persons having liens upon or claiming any interest in the property involved in such action shall be made parties" to such suits, § 7403(b), and the Court shall "proceed to adjudicate all matters therein and finally determine the merits of all claims to and liens upon the

property, and, in all cases where a claim or interest of the United States therein is established, *may decree a sale of such property*, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States." § 7403(c) (emphasis added).

Accordingly, the United States requests an order for sale of parcels A and B. The Adents object and argue that the Court should exercise its discretion and refrain from ordering a sale. The use of the word "may" in § 7403(c) implies "at least a limited degree of judicial discretion." *United States v. Rodgers*, 461 U.S. 677, 709 (1983). However, to "say that district courts need not always go ahead with a forced sale authorized by § 7403 is not to say that they have unbridled discretion. We can think of virtually no circumstances, for example, in which it would be permissible to refuse to authorize a sale *simply to protect the interests of the delinquent taxpayer himself or herself." Rodgers*, 461 U.S. at 709 (emphasis added). Because there are no third-party interests at stake with respect to parcel A, the Court has no discretion; it must order the sale pursuant to § 7403(c). *United States v. Bierbrauer*, 936 F.2d 373, 375 (8th Cir. 1991) ("In *Rodgers*, the Supreme Court listed four factors to be considered in § 7403 proceedings involving property held jointly by a delinquent taxpayer and a

- 4 -

*non-liable third party*") (emphasis added).

Therefore, the *Rodgers* factors, discussed below, are relevant only with respect to parcel B. First, the Court considers the extent to which the United States' financial interests would be prejudiced if it were relegated to a forced sale of only the partial interest actually liable for the delinquent taxes. 461 U.S. at 710. Those interests would be prejudiced by a partial sale because it is unlikely that prospective purchasers would be willing to buy only a partial interest in parcel B. "It requires no citation to point out that interests in property, when sold separately, may be worth either significantly more or significantly less than the sum of their parts. When the latter is the case, it makes considerable sense to allow the Government to seek the sale of the whole, and obtain its fair share of the proceeds, rather than satisfy itself with a mere sale of the part." *Id.* at 694.

Second, the Court considers whether Derek Adent has a "legally recognized expectation" that his separate interest would not be subject to forced sale by his father or his creditors. *Id.* at 710-11. Derek has no such expectation because nothing would prevent his father from forcing a sale of Parcel B as a tenant-in-common. Wis. Stat. § 842.02.

Third, the Court considers the likely prejudice to Derek Adent, both in terms of personal dislocation costs and "practical undercompensation."

- 5 -

*Rodgers* at 711. This factor has no bearing because Derek does not use parcel B as a residence. *Id.* at 704 ("we are not blind to the fact that in practical terms financial compensation may not always be a completely adequate substitute for a roof over one's head"). Instead, Joyce Adent operates a small retail business on the premises. Derek can protect the value of his interest by bidding at the sale. *See, e.g., United States v. Hunwardsen*, 39 F. Supp. 2d 1157, 1162 (N.D. Iowa 1999).

Fourth, the Court considers the relative character and value of the non-liable and liable interests held in the property. *Id.* Since Leonard and Derek have equal interests in parcel B, this factor is neutral in the Court's analysis. *Rodgers* at 711.

Finally, the Adents argue that the Court should not order the sale of parcel B because Joyce Adent would lose her business and sole source of income, Lagniappe Wine Gallery.[2] However, the Court cannot prevent at least a partial sale of Leonard Adent's interest in parcel B, and a partial sale to someone other than Derek Adent would still preclude the (presumably rent-free) operation of Joyce's commercial business on the premises.[3] Therefore, the Court will order a full sale because a partial sale

---

[2] http://www.shoplagniappe.com/.

[3] If Derek is the successful bidder, a partial sale versus a full sale would make no

could not save Joyce's business in any event. *Rodgers* at 711 (the "limited discretion accorded by §7403 should be exercised rigorously and sparingly, keeping in mind the Government's paramount interest in prompt and certain collection of delinquent taxes").

***

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. The United States' motion for summary judgment [ECF No. 42] is **GRANTED**; and

2. Parcels A and B, described in paragraph 8 of the complaint, will be sold at auction. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of October, 2015.

**BY THE COURT:**

*[signature]*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

---

difference because he would be entitled to a 50% credit on a full sale for his legal interest in parcel B.

- 7 -