# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

-vs-                                                          Case No. 12-C-1286

**LEONARD G. ADENT, et al.,**

    Defendants.

## DECISION AND ORDER

On October 21, 2015, the Court entered judgment in this matter on the United States' claims to recover unpaid taxes and for lien foreclosure against two properties: one owned by Leonard and Joyce Adent (parcel A), and another owned by Leonard and his son Derek Adent (parcel B). Leonard and Joyce moved to stay the judgment pending appeal. On December 7, the Court stayed the Order of Sale pending a ruling on the motion to stay. For the reasons that follow, the motion to stay is denied.

If an appeal is taken from an adverse monetary judgment, the appellant can obtain a stay upon the posting of a supersedeas bond. Fed. R. Civ. P. 62(d). "The philosophy underlying Rule 62(d) is that a plaintiff who has won in the trial court should not be put to the expense of defending his judgment on appeal unless the defendant takes reasonable steps to assure

that the judgment will be paid if it is affirmed. Posting a supersedeas bond is the simplest way of tendering this guaranty …" *Lightfoot v. Walker*, 797 F.2d 505, 506-07 (7th Cir. 1986).

The Adents did not and do not intend to post bond. Courts look to the following criteria to determine whether the bond requirement can be modified or waived: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. *Dillon v. City of Chi.*, 866 F.2d 902, 904 (7th Cir. 1988).

The Court's primary concern is the availability of funds to pay the judgment, especially because the genesis of this action is the Adents' inability (or unwillingness) to satisfy their tax obligations. The Adents argue that the United States is adequately protected because the fair market value of parcels A and B are $331,200 and $141,800, respectively, while the amount of the Adents' outstanding tax liabilities is just

- 2 -

$156,318.43. Even so, the real estate market could worsen while the appeal is pending, and in the meantime, interest continues to accrue, backdated to October 15, 2012. *See* October 21, 2015 Judgment, ECF No. 52. In addition, the Wisconsin Department of Revenue and BMO Harris Bank collectively own over $100,000 in priority liens against these parcels. *See* ECF Nos. 16, 26. Thus, the gap between the supposed fair market value of these properties and the amount needed to fully compensate the United States is less than it would otherwise seem.

Moreover, there is an ongoing and ever-present risk that an accident or act of God could impair or destroy the value of these properties. According to the Adents, parcel A is only insured for $143,500; parcel B is insured, but the Adents do not say for how much. Aside from insurance issues, the property could fall into disrepair. Indeed, the Adents have little incentive to maintain a property they are likely to lose.

As to the remaining factors, the Adents are both in their 70s and appear to be subsisting primarily on social security. Joyce Adent runs a retail business out of parcel B, but her income from the business substantially declined in recent years. Leonard Adent is a lawyer, but his law practice has suffered due to alcoholism and depression. Thus, the Adents' ability to satisfy the United States' judgment is not so plain that a

- 3 -

Case 2:12-cv-01286-LA    Filed 01/20/16    Page 3 of 4    Document 70

bond would be a waste of money. To the contrary, it seems obvious that the only possible way to satisfy the judgment is to go forward with the sale.

It is also unlikely that the bond requirement would harm other creditors because the Adents own parcel A free and clear from any mortgages. Parcel B is subject to BMO Harris's priority lien, but it is a small mortgage with a balance of less than $20,000.

Finally, the collection process is somewhat complex because it involves a sale at a public auction. This process affects the amount of time to collect the judgment because the Internal Revenue Service must notice the sale. At the sale, the winning bidder submits a small deposit with the full amount due within 60 days. Accordingly, the United States will be forced to wait that much longer to collect its judgment in the absence of a bond as security.

**IT IS HEREBY ORDERED THAT** the Adents' motions to stay [ECF Nos. 60, 63] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 20th day of January, 2016.

                                      **SO ORDERED:**

                                      */s/ Rudolph T. Randa*
                                      **HON. RUDOLPH T. RANDA**
                                      **U.S. District Judge**